UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWIN ERROL ENGLETON,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>RIVERSIDE COUNTY SHERIFF'S DEPT. et al,<br><br>　　　　　Defendants. | No. EDCV 22-586-SB (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

　　　　For the reasons discussed below, the Court orders Plaintiff to show cause, if there be any, in writing on or before **August 18, 2022**, why this action should not be dismissed without prejudice for failure to prosecute and/or comply with a court order.

　　　　In this prisoner civil rights action, on May 18, 2022, the court issued an order directing service process of the summons and complaint by the United States Marshal upon Defendants Riverside County Sheriff's Department and Sergeant Vencent. (Dkt. No. 8.) On June 6, 2022, Process Receipt and Return (Form USM-285) of summons and Complaint upon Defendants Riverside County Sheriff's Department and Sargent Vencent were filed indicating service on May 24, 2022. (Dkt. Nos. 10-12.)

On July 1 and 5, 2022, the court's mail was returned as undeliverable by the postal service with a notation "inactive." (Dkt. Nos. 13-14.) The CDCR's online inmate locator website does not show an inmate by Plaintiff's name and CDCR number (BP8212). Upon inquiry at the last known prison where Plaintiff was previously housed, the court was informed that Plaintiff was released on June 14, 2022. To date, Plaintiff has not filed a notice of change of address.

It is well established that a district court has the authority to dismiss a plaintiff's action because of his failure to prosecute or comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with order of court); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (district may dismiss action for failure to prosecute after mail is returned by postal service as undeliverable).

Plaintiff is advised that: "If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution." Local Rule 41-6.

Accordingly, IT IS ORDERED that, on or before ***August 18, 2022***, Plaintiff shall show good cause, if there be any, in writing why this action should not be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.

***If Plaintiff does not timely file a response to this Order to Show Cause or otherwise respond to this Order to Show Cause on or before August 18, 2022, the action is subject to dismissal without prejudice for plaintiff's failure to prosecute and/or failure to comply with a court order.*** *See Link v. Wabash R.R.*, 370 U.S. 626,

629-30 (1962).  Filing a notice of change of address by August 18, 2022 shall discharge this order to show cause.

DATED: July 18, 2022

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE