UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDWIN ERROL ENGLETON,<br><br>        Plaintiff,<br><br>        v.<br><br>RIVERSIDE COUNTY SHERIFF'S DEPT. et al,<br><br>        Defendants. | No. EDCV 22-586-SB (AGR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

      In this prisoner civil rights action, on May 18, 2022, the Court issued an order directing service process of the summons and complaint by the United States Marshal upon Defendants Riverside County Sheriff's Department and Sergeant Vencent. (Dkt. No. 8.) On June 6, 2022, Process Receipt and Return (Form USM-285) of summons and Complaint upon Defendants Riverside County Sheriff's Department and Sargent Vencent were filed indicating service on May 24, 2022. (Dkt. Nos. 10-12.)

      On July 1 and 5, 2022, the Court's mail was returned as undeliverable by the postal service with a notation "inactive." (Dkt. Nos. 13-14.) The CDCR's online inmate locator website does not show an inmate by Plaintiff's name and CDCR number

(BP8212).  Upon inquiry at the last known prison where Plaintiff was previously housed, the Court was informed that Plaintiff was released on June 14, 2022.  To date, Plaintiff has not filed a notice of change of address.

On July 18, 2022, the magistrate judge issued an Order to Show Cause in writing, by August 18, 2022, why this action should not be dismissed without prejudice for failure to prosecute.  (Dkt. No. 15.)  The Order to Show Cause was returned as undeliverable by the postal service.  (Dkt. No. 16.)  Plaintiff did not respond to the Order to Show Cause or request an extension of time to do so.

It is well established that a district court has the authority to dismiss a plaintiff's action because of his failure to prosecute or comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with order of court); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (district may dismiss action for failure to prosecute after mail is returned by postal service as undeliverable).

"If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."  Local Rule 41-6.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *See In re*

*Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  Plaintiff has failed to file a notice of his change of address.  By failing to file a notice of his latest change of address, he has rendered it impossible for the court to contact him.  Plaintiff's conduct hinders the court's ability to move this case toward disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently.  *Eisen*, 31 F.3d at 1452-53.  That presumption may be rebutted when a plaintiff proffers an excuse for delay.  Plaintiff has failed to come forward with any excuse or reason for delay.

The fourth factor – public policy in favor of deciding cases on their merits – weighs against dismissal.  It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics.  *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to notify the court of his change of address or respond to orders of the court.

The fifth factor – availability of less drastic sanctions – weighs in favor of dismissal, again because Plaintiff has failed to keep the court apprised of his current address.  *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Absent a current address for Plaintiff, there is nothing more the court can do.

Accordingly, IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

DATED: October 14, 2022

_____
STANLEY BLUMENFELD, JR.
UNITED STATES DISTRICT JUDGE